IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 18-MJ-01088-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EDWIN ROMAN-ACEVEDO,

      Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

      This matter is before the court for detention hearing on May 17, 2018. The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. I have also considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the

statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Criminal Complaint as follows:

Count 1: Distribution and Possession with Intent to Distribute a Controlled Substance Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c).

Second, I find probable cause exists that defendant has committed the above offense based upon the waiver of preliminary hearing by defendant.

Third, I find that defendant employment status and time in the community are unknown. Defendant's Colorado Driver's License is suspended for not carrying insurance. Defendant has used one alias name in the past. Defendant has suffered convictions for Theft $50 - $300 (misd); Possession of Marijuana 2-6 Ounces (misd); Second Degree Burglary of a Dwelling (felony)[three separate convictions]; First Degree Trespass of a Dwelling (felony); Possession of Schedule I and II Controlled Substance with Intent to Distribute (felony); Possession of Schedule III, IV, & V Controlled Substance (felony); Operating Unsafe Vehicle; Expired License Plates - 1-29 Days; and No Insurance -Owner. Defendant has committed many new criminal offenses while on probation. Defendant has suffered one prior failure to appear resulting in a warrant being issued. Defendant has suffered one prior failure to comply resulting in a warrant being issued. Defendant's probation has been revoked on four separate occasions involving three separate criminal cases. Defendant has tested positive for marijuana, opiates, and cocaine while on probation. Defendant is currently on probation in Denver County District Court, Case Nos. 16-CR-2281 and 17-CR-213. Defendant is awaiting sentencing in Broomfield County Combined Court, Case No. 17-CR-269 for Second Degree Burglary of a Dwelling (felony). That based upon the charges brought in the Criminal Complaint the rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3) and (f) and the defendant has not rebutted that presumption. The defendant is not contesting detention.

In light of these facts, I find, by a preponderance of the evidence, that defendant

is a flight risk and that no condition or combination of conditions of release will reasonably assure her presence in court . Accordingly, I order that the defendant be detained without bond**.**

Done this 17th day of May 2018.

BY THE COURT

<u>S/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge